```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| PETER JOHN PASCALLI, : | |
| : | CIVIL ACTION NO. 06-4593 (MLC) |
| Plaintiff, : | |
| : | **MEMORANDUM OPINION** |
| v. : | |
| : | |
| O'GRADY, et al., : | |
| : | |
| Defendants. : | |

**THE COURT** having ordered pro se plaintiff, Peter John Pascalli, to show cause why the complaint insofar as asserted against defendant Dr. O'Grady ("O'Grady") should not be dismissed for failure to comply with Federal Rule of Civil Procedure ("Rule") 4(m) ("10-23-07 Order To Show Cause") (dkt. entry no. 23, 10-23-07 Order To Show Cause); and

**PLAINTIFF** arguing in response, inter alia, that (1) he "believes [O'Grady] is affiliated with [Correctional Health Services, LLC] in some capacity" (dkt. entry no. 26, Pl. Br., at 7), (2) but "[s]ince defendant [O'Grady] wasn't served [O'Grady] didn't answer [the] complaint" (id. at 8); but the Court noting that, in a memorandum opinion filed October 23, 2007 ("10-23-07 Opinion"), the Court stated that "[i]t is the plaintiff's burden to assure that service is accomplished, e.g., to seek to compel [Ocean County Jail] to (1) accept service for O'Grady, (2) advise the Court of O'Grady's whereabouts, or (3) identify the proper [Ocean County Jail] medical employee to be named as defendant

here, and request the Court to provide the information to the U.S. Marshals Service for service" (dkt. entry no. 22, 10-23-07 Mem. Op., at 6-7); and the Court further noting that plaintiff has still not served O'Grady or otherwise complied with Rule 4(m) with regard to O'Grady as described in the Court's 10-23-07 Opinion; and

**PLAINTIFF** also moving for leave to file an amended complaint pursuant to Rule 15(a) (dkt. entry no. 25); and it appearing that plaintiff seeks to add Correctional Health Services, LLC ("CHS") as a defendant in this action (dkt. entry no. 25, Pl. Mot., at 1); and it further appearing that plaintiff argues, inter alia, that CHS, as the "Ocean County medical department", has violated his Eighth Amendment rights (Pl. Br., at 5); and

**IT APPEARING** that leave to amend the pleadings under Rule 15(a) is generally given freely, Foman v. Davis, 371 U.S. 178, 182 (1962); but it also appearing that the Court may deny a motion to amend on grounds such as undue delay, bad faith, dilatory motives, futility, repeated failure to cure deficiencies by previously allowed amendments, or prejudice to the opposing party by allowing the amendment, Hill v. Scranton, 411 F.3d 118, 134 (3d Cir. 2005), Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004); and it appearing that absent such circumstances, a motion for leave to amend a pleading should be granted, Long, 393 F.3d at 400; and

**IT APPEARING** that the standard for determining whether an amendment would be futile requires the Court to consider whether the complaint, as amended, would fail to state a claim upon which relief could be granted, In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997); and it appearing that the Court is to apply the same standard of legal sufficiency as applies under Rule 12(b)(6), id.; and it appearing under Rule 12(b)(6), the Court generally must accept as true all of the factual allegations in the complaint, and must draw all reasonable inferences in favor of the plaintiffs, Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 134 (3d Cir. 2004), Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001); but it also appearing that the Court need not credit bald assertions or legal conclusions alleged in the complaint, In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1429-30, Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); and it appearing that a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)", Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007); and it appearing that the Court looks only to the pleadings when reviewing a motion to amend as to futility, Pharm. Sales & Consulting Corp. v. J.W.S. Delavau, Co., Inc., 106 F.Supp.2d 761, 765 (D.N.J. 2000); and

**THE COURT** noting that CHS, as a private company performing a municipal function, may not be vicariously liable under 42 U.S.C. § ("Section") 1983 for the acts of its employees solely under the doctrine of respondeat superior, Natale v. Camden County Corr. Fac., 318 F.3d 575, 583 (3d Cir. 2003), Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988), Pratt v. Corr. Med. Servs., No. 05-942, 2007 WL 1381747, at *5 (D.N.J. May 9, 2007); and the Court further noting that CHS only may be liable if the acts of its employees were the result of a custom or policy of CHS, Pratt, 2007 WL 1381747, at *5; and the Court noting that liability for a custom or policy may exist where (1) CHS promulgated a generally applicable statement of policy and the subsequent act complained of is an implementation of that policy, Natale, 318 F.3d at 584, (2) no rule has been announced by CHS as a policy, but federal law has been violated by an act of CHS itself, id., or (3) CHS was deliberately indifferent to an obvious need to take some action to control the agents of the government, id.; and

**IT APPEARING** that plaintiff has not articulated any CHS policy or custom as described supra (see Pl. Br.); and thus it appearing that an amended complaint adding CHS as a defendant would fail to state a claim upon which relief could be granted, even if the Court accepts all of plaintiff's factual allegations as true, see In re Burlington Coat Factory Sec. Litig., 114 F.3d

4

at 1434; and thus it appearing that granting plaintiff's motion to amend the complaint would be futile, see id.; and the Court thus intending to (1) grant the 10-23-07 Order To Show Cause, and (2) deny the motion for leave to file an amended complaint pursuant to Rule 15(a); and the Court intending to dismiss all remaining claims, but without prejudice to plaintiff to recommence an action asserting any claims that appear in the pleadings against CHS that may be construed under state law, e.g., medical malpractice, see 28 U.S.C. § 1367(c)(3); and the Court deciding the order to show cause and the motion without oral hearing and on the papers, see Fed.R.Civ.P. 78(b); and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                  s/ Mary L. Cooper  
                                                **MARY L. COOPER**  
                                                United States District Judge

Dated: March 31, 2008